No. 93-595

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF

BARBARA L. BERGER,

    Petitioner and Respondent,

and

DARRELL L. BERGER,

    Respondent and Appellant.

FILED

MAR 22 1994

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Darrell L. Berger, Pro Se, Bozeman, Montana

    For Respondent:

        Kent M. Kasting; Kommers, Kasting & Roth,
        Bozeman, Montana

Submitted on Briefs: February 10, 1994

Decided: March 22, 1994

Filed:

_____
Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the Eighteenth Judicial District Court, Gallatin County, denying appellant Darrell L. Berger's (Darrell) motion to modify visitation and child support. Barbara L. Berger's (Barbara) request for attorney's fees was also denied. Darrell appeals. We affirm.

Darrell and Barbara divorced in April 1987. They have three children: Matthew, 9; Jennifer; 12; and Jamie, 15. The court awarded joint custody of the children, with Barbara as the primary physical custodian. The record generated since the couple's separation is substantial. For example, a full evidentiary hearing was held on December 17, 1991, to address custody, visitation, child support arrearage and contempt.

On August 24, 1993, Darrell filed a "Motion to Modify Visitation and Child Support," which was essentially an effort to modify custody. Darrell requested joint custody with equally shared time and complete elimination of his child support obligation. However, these issues had been settled in prior litigation. In the motion, unaccompanied by affidavits, Darrell claimed that the children would like to spend equal time with both parents and Jamie would like to choose the parent with whom she wished to reside--namely Darrell.

Barbara moved to dismiss Darrell's motion on the grounds that it failed to allege any material change in circumstances which would warrant a custody modification. She also sought attorney's

2

fees.

On October 5, 1993, the District Court denied Darrell's motion, finding that it was insufficient under the modification criteria set forth in § 40-4-219, MCA. The court denied Barbara's request for attorney's fees, noting that if Darrell had not brought the motion pro se and in good faith, then an award of attorney's fees to Barbara might have been justified. Darrell appeals. We affirm.

The sole issue before this Court is whether the District Court erred by denying Darrell's motion to modify visitation and child support.

In his motion of August 24, 1993, Darrell attempted to modify primary physical custody of Jamie. Because Darrell failed to present any affidavits setting forth facts in support of his request, as required by § 40-4-220, MCA, his motion was correctly denied.

We need not address the District Court's denial of Barbara's request for attorney's fees because Barbara did not file a cross-appeal. Accordingly, we are without jurisdiction to rule on the merits of this issue. See Rule 14, M.R.App.P.; see also Mydlarz v. Palmer/Duncan Const. Co. (1984), 209 Mont. 325, 334, 682 P.2d 695, 700 (citations omitted).

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document

3

with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4